**Caitlin V. Mitchell**, OSB No. 123964
cmitchell@justicelawyers.com
**Jennifer J. Middleton**, OSB No. 071510
jmiddleton@justicelawyers.com
Johnson Johnson Lucas & Middleton P.C.
975 Oak Street, Suite 1050
Eugene, OR 97401
Tel: 541-484-2434
Fax: 541-484-0882

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **CARRON GRUBB,** | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | **42 U.S.C. § 12111 et seq;** |
| | **29 U.S.C. §701 et seq;** |
| **SPRINGFIELD SCHOOL DISTRICT** | **ORS 659A.112** |
| Defendant. | ***Demand for Jury Trial*** |

### INTRODUCTORY STATEMENT

**1.**

The Springfield Public School District ("The District") refused to implement reasonable accommodations that would have allowed Carron Grubb, an Educational Assistant with a severe allergy to latex and paint, to safely perform her job. As a result, the District repeatedly exposed Carron Grubb to allergens that caused her to go into anaphylactic shock six times during the 11 years she worked for the District. In 2018 the District fired Carron Grubb on the basis of her disability. This is an action arising under the Americans with Disabilities Act, the Rehabilitation Act, and ORS 659A.112, challenging Defendants' discrimination against Carron Grubb.

PARTIES

**2.**

Carron Grubb was an Educational Assistant at Briggs Middle School in the Springfield School District from 2007 until 2018. She is a resident of Springfield, Oregon.

**3.**

Defendant Springfield Public School District is a public school district in Springfield, Oregon. It operates 23 schools, including Briggs Middle School. It receives federal funds.

JURISDICTION & VENUE

**4.**

This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and over the state claims through supplemental jurisdiction, 28 U.S.C. § 1367. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in Lane County, Oregon.

FACTS

**5.**

The District hired Carron Grubb as an Educational Assistant in 2007.

**6.**

Carron Grubb has severe allergies to latex and to most kinds of paint. When she is suffering from an allergic reaction, her allergy results in difficulty speaking, walking, and breathing.

**7.**

Carron Grubb informed the District of her allergy when she was hired.

**8.**

In 2010 Carron Grubb had an allergic reaction to paint while at work. She went into anaphylactic shock and had to go to the emergency room. Upon her return, she sought accommodation from the District by asking staff and students to not bring latex into the school, and by asking staff to contact her if they encountered latex so that she could exit the building.

The District did not assist her or initiate an interactive process regarding accommodations, despite knowing about her allergy and anaphylactic episode.

**9.**

In the spring of 2011 Carron Grubb again went into shock as a result of paint exposure from maintenance work. She spoke to her Union President, who asked the District to put a protocol in place that the maintenance department was not to paint in the school except during school holidays.

**10.**

In 2015 a maintenance worker violated the painting protocol. Carron Grubb again went into shock as a result of paint exposure from maintenance work during school hours.

**11.**

In September 2016 Carron Grubb wrote an email to Briggs Middle School staff and teachers reminding them about her allergy.

**12.**

In September 2017 a teacher brought latex balloons to school. Carron Grubb went into shock.

**13.**

In response to Carron Grubb's September 2017 exposure, Principal Jeff Mather requested that signs be posted on the outer doors of the school and sent a single email to staff to remind them not to bring latex into the building. The signs were relatively small and stated only that latex was not permitted, without specifying prohibited items such as balloons.

**14.**

In early 2018, Carron Grubb initiated an interactive process with the District by asking Principal Mather if the school could educate the Briggs community about her allergies. She suggested educating parents, teachers, and students, sending home written materials, and additional signs, among other things. Mather refused her request, saying that it was up to her to

educate the community if she wanted to. Carron Grubb went to each classroom and talked with students and teachers about her allergies.

**15.**

Carron Grubb's allergies became increasingly severe due to the repeated exposures. She brought a doctor's note to the District stating that she could not be anywhere near latex.

**16.**

In April 2018 a student brought balloons into the school. A staff person put the balloons in the staff break room. Carron Grubb entered the break room and went into shock.

**17.**

In November 2018 two students were playing with balloons in the school hallway. A teacher told them to put the balloons in their lockers and sent an email alert to Carron Grubb, but she did not see the email. She went into shock. On the resulting Accident/Incident Report, Principal Mather wrote that, as a "corrective action," the 6th grade students should be taught about the danger of latex exposure.

**18.**

Carron Grubb returned to work on December 3, 2018. On December 4, she was placed on paid administrative leave.

**19.**

On December 11, 2018, Human Resources Director Dustin Reese told Carron Grubb that she could not work at Briggs because he could not guarantee a safe work environment. Carron Grubb disagreed and attempted again to initiate an interactive process. She requested that the District send letters to the parents and families of the students, instead of relying on the children to understand the allergy on their own. She reminded the District that most of the efforts to educate students and staff had come from her and not from the school, and that the majority of the exposures were caused by adult staff persons rather than by the children. Carron Grubb and her father, who was also at the meeting, requested that the District post signs that were larger and more specific. The District rejected those requests for accommodation.

**20.**

Carron Grubb also told the District that if she could not keep her current job she would like to be transferred to a different position. The District refused to consider an alternative position because, it claimed, no job would be safe.

**21.**

The District terminated Carron Grubb on December 18, 2018 because of her allergy, claiming that it could not keep the environment safe.

**22.**

The District did not seek a medical determination as to whether there was a significant risk of substantial harm to Carron Grubb's health or safety, which could not be eliminated or reduced by reasonable accommodation, if she remained in her current job or took another open position with the District.

**23.**

Students with severe allergies attend Briggs Middle School. The school requires all staff to undergo annual training to ensure they knew which students are affected and how to keep them safe. The District did not provide similar training to staff about Carron Grubb's allergy.

**24.**

At the time that Carron Grubb was terminated there were at least two open positions with the District for which she was qualified. At least one of those positions would have entailed less potential exposure to latex.

**25.**

Carron Grubb filed a Tort Claims Notice with the District on April 5, 2019.

**26.**

Carron Grubb filed a verified complaint with the Oregon Bureau of Labor & Industries (BOLI) and cross-filed with the Equal Employment Opportunities Commission (EEOC). BOLI issued a Notice of Substantial Evidence Determination and a Right to Sue notice, finding that Carron Grubb was discriminated against on the basis of a disability.

**27.**

As a result of the District's discrimination, Carron Grubb was fired from the job that she had successfully held for 11 years, resulting in significant financial loss, humiliation, and emotional distress.

### FIRST CLAIM FOR RELIEF
### AMERICANS WITH DISABILITIES ACT

Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

**28.**

By failing to reasonably accommodate Plaintiff and by terminating her because of her disability, Defendants discriminated against Plaintiff on the basis of her disability in violation of 42 U.S.C.A § 12111 et seq.

**29.**

Plaintiff lost valuable wages and benefits because of Defendants' discrimination. She also suffered humiliation, injustice, and other emotional distress.

**30.**

Plaintiff is entitled to reinstatement. She is also entitled to backpay and compensatory damages in an amount to be determined by the jury.

**31.**

Defendants' discrimination was taken in reckless disregard for Plaintiff's rights. Punitive damages in an amount to be determined by the jury should be awarded to punish Defendants and deter them and others from acting in a similar manner in the future.

**32.**

Plaintiff is further entitled to her reasonable attorney fees and costs.

### SECOND CLAIM FOR RELIEF
### REHABILITATION ACT

Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

**33.**

By failing to reasonably accommodate Plaintiff and by terminating her solely because of her disability, Defendants discriminated against Plaintiff on the basis of her disability in violation of 29 U.S.C. §701 et seq.

**34.**

Plaintiff lost valuable wages and benefits because of Defendants' discrimination. She also suffered humiliation, injustice, and other emotional distress.

**35.**

Plaintiff is entitled to reinstatement. She is also entitled to backpay and compensatory damages in an amount to be determined by the jury.

**36.**

Defendants' discrimination was taken in reckless disregard for Plaintiff's rights. Punitive damages in an amount to be determined by the jury should be awarded to punish Defendants and deter them and others from acting in a similar manner in the future.

**37.**

Plaintiff is further entitled to her reasonable attorney fees and costs.

### THIRD CLAIM FOR RELIEF
### ORS 659A.112

Plaintiff repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

**38.**

By failing to reasonably accommodate Plaintiff and by terminating her because of her disability, Defendant discriminated against Plaintiff because of her disability in violation of ORS 659A.112.

**39.**

Plaintiff lost valuable wages and benefits because of Defendant's discrimination. She also suffered humiliation, injustice, and other emotional distress.

**40.**

Plaintiff is entitled to reinstatement. She is also entitled to backpay and compensatory damages in an amount to be determined by the jury.

**41.**

Plaintiff is further entitled to her reasonable attorney fees and costs.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and award the following relief:

1. Reinstate Carron Grubb as an employee of the District;

2. Award back pay to compensate Carron Grubb for the loss of salary and benefits;

3. Award compensatory damages in an amount to be determined by the jury;

4. Award punitive damages in an amount to be determined by the jury; and

5. Grant all other relief as this Court deems just and proper.

Respectfully submitted this 2nd day of September, 2020.

JOHNSON JOHNSON LUCAS & MIDDLETON, P.C.

/s/ Caitlin V. Mitchell
**Caitlin V. Mitchell**, OSB No. 123964
cmitchell@justicelawyers.com
**Jennifer J. Middleton**, OSB No. 071510
jmiddleton@justicelawyers.com
Johnson Johnson Lucas & Middleton P.C.
975 Oak Street, Suite 1050
Eugene, OR 97401
Tel: 541-484-2434
Fax: 541-484-0882